IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.                                      Case No. 5D16-4152

LARON CARTRELL BENJAMIN,

      Appellee.

_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
David M. Dixon, Assistant Public Defender,
Daytona Beach, for Appellee.

EVANDER, J.

The State appeals an order granting Laron Cartrell Benjamin's motion to suppress

evidence seized after Benjamin was removed from his vehicle during a valid traffic stop.

The trial court granted Benjamin's motion after determining that the officer's decision to

order Benjamin to exit his vehicle was not based on a valid safety concern. We reverse.

While on routine patrol, two Orlando Police Department officers observed Benjamin driving a vehicle with illegally tinted windows. Benjamin entered a shopping plaza and parked in front of a restaurant. The officers parked their patrol car behind Benjamin's car. After the officers approached Benjamin's vehicle, one of the officers informed Benjamin that his windows were dark and would be tested. During the conversation, the officer also asked Benjamin for permission to search his car. Benjamin refused. The officer then requested a canine unit to conduct an exterior search of the vehicle. While the officer was writing the citation, the canine unit arrived.[1]

The canine handler told the initial responding officer, "Whenever you guys are ready, you can do whatever you do to pull him out." At that time, an officer directed Benjamin to step out of the vehicle for the canine sniff. As Benjamin exited his vehicle, the officer saw a firearm under the driver's seat that had previously been hidden by Benjamin's leg. The firearm was seized, and Benjamin was arrested and charged with possession of a firearm by a convicted felon.

At the suppression hearing, the State presented testimony that for the safety of occupants, the canine handler, and the canine itself, Orlando Police Department policy required all occupants of a vehicle to be removed prior to conducting a canine sniff. However, the trial court rejected this testimony, stating:

> The problem arises when they remove the defendant from the car. And to—in order for a dog to do a sniff, it's news to me that you have to extricate the defendant from the vehicle. It was—it's concerning because the Court heard the—the speaking of the two officers indicating that they were

---

[1] The trial court found that the duration of the stop was not unlawfully prolonged. This finding was supported by the evidence presented at the motion to suppress hearing.

going to find a way to search that car, and that's not appropriate.

> . . . [N]eeding to extricate the defendant from the car in order for the dog to do an exterior sniff is not something that this Court believes is an officer safety issue, and I do not find that part of the testimony to be credible. Therefore, I am granting the motion to suppress . . . .

In *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), the United States Supreme Court held that once a motor vehicle has been lawfully detained for a traffic violation, police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures. In reaching its decision, the *Mimms* Court found the "legitimate and weighty" interest of officer safety far outweighed a driver's interest in not being directed to step out of his or her vehicle:

> We think it too plain for argument that the State's proffered justification—the safety of the officer—is both legitimate and weighty.
>
> . . . .
>
> Against this important interest we are asked to weigh the intrusion into the driver's personal liberty occasioned not by the initial stop of the vehicle, which was admittedly justified, but by the order to get out of the car. We think this additional intrusion can only be described as *de minimus*. The driver is being asked to expose to view very little more of his person than is already exposed. The police have already lawfully decided that the driver shall be briefly detained; the only question is whether he shall spend that period sitting in the driver's seat of his car or standing alongside it. Not only is the insistence of the police on the latter choice not a "serious intrusion upon the sanctity of the person," but it hardly rises to the level of a "'petty indignity.'" What is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety.

*Id.* at 110-11 (citations omitted).

3

In *Maryland v. Wilson*, 519 U.S. 408 (1997), the United States Supreme Court recited that *Mimms* stood for the proposition that "a police officer may as a matter of course order the driver of a lawfully stopped car to exit his vehicle." 519 U.S. at 410. Indeed, the Court characterized its holding in *Mimms* as creating a bright-line rule, stating, "[T]hat we typically avoid *per se* rules concerning searches and seizures does not mean that we have always done so; *Mimms* itself drew a bright line . . . ." *Id.* at 413 n.1; *see also Presley v. State*, 42 Fla. L. Weekly S817, S818 (Fla. Sep. 20, 2017) (stating that "[i]n *Mimms*, the Supreme Court held that law enforcement officers during a traffic stop could ask the driver to exit the vehicle without violating the Fourth Amendment").

In the instant case, the evidence established that Benjamin was lawfully detained. As a result, the police officer could properly order Benjamin to exit his vehicle, even if the officer did not have a particularized basis to believe that Benjamin was a threat to the officer's safety. Thus, the trial court erred in granting Benjamin's motion to suppress.

REVERSED and REMANDED.

TORPY and EDWARDS, JJ., concur.

4